1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    SABRINA L. HIGGINS,                    )   Case No.: 1:12-cv-00764 - JLT
                                             )
12              Plaintiff,                   )   FINDINGS AND RECOMMENDATIONS
                                             )   DISMISSING THE ACTION FOR FAILURE TO
13         v.                                )   PAY THE FILING FEE PURSUANT TO
                                             )   28 U.S.C. § 1914(A) AND FAILURE TO OBEY
14    COMMISSIONER OF SOCIAL SECURITY,       )   THE COURT'S ORDER
                                             )
15                                           )   ORDER DIRECTING CLERK OF THE COURT TO
                Defendant.                   )   ASSIGN A UNITED STATES DISTRIC JUDGE
16                                           )   TO THE ACTION
                                             )
17

18         On May 9, 2012, Sabrina Higgins ("Plaintiff") initiated an action against the Commissioner of

19    Social Security.  (Doc. 1).  For the following reasons, the Court recommends the action be

20    **DISMISSED**.

21    **I.      Procedural History**

22         At the time Plaintiff initiated the action, she failed to pay the filing.  On May 15, 2012, the

23    Court ordered Plaintiff to pay the filing fee or file a motion in order for the action to proceed.  (Doc. 2

24    at 1) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999)).  However, Plaintiff failed to

25    comply with or otherwise respond to the Court's order.  On June 12, 2012, the Court issued an order to

26    show cause why the action should not be dismissed for Plaintiff's failure to comply with the Court's

27    order, or in the alternative, to pay the filing fee or file a motion to proceed *in forma pauperis.*  (Doc. 3

28    at 2).  Again, Plaintiff failed to respond to the Court's order.

                                             1

**II.     Failure to Pay the Filing Fee**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  28 U.S.C § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C § 1915(a).  *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez*, 169 F.3d at 1177.  As noted above, Plaintiff did not prepay the filing fee, and the action may not proceed.

**III.    Failure to obey the Court's Order**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The Court warned Plaintiff the action could not proceed without payment of fees.  (Doc. 2 at 1).  In addition,

1 Plaintiff was informed: "Failure to comply with this order may result in dismissal of this action

2 pursuant to Local Rule 110." *Id.* at 2.  These warnings satisfy the requirement that the Court consider

3 less drastic measures. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Consequently, the

4 policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

5 **IV.     Order**

6 Good cause appearing therefor, the Clerk of Court is DIRECTED to assign a United States

7 District Judge to the action.

8 **V.     Findings and Recommendations**

9 Plaintiff has failed to file the requisite filing fee pursuant to 28 U.S.C. § 1914(a), and as a

10 result, the matter cannot proceed before the Court at this time.  Further, Plaintiff failed to obey the

11 Court's Orders dated May 15, 2012 (Doc. 2) and June 12, 2012 (Doc. 3).

12 Accordingly, **IT IS HEREBY RECOMMENDED**:

13 1.     This action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to pay

14 the filing fee and obey the Court's order

15 These Findings and Recommendations are submitted to the United States District Judge

16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

17 Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen

18 days after being served with these Findings and Recommendations, Plaintiff may file written

19 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

20 Findings and Recommendations."  Defendant is advised that failure to file objections within the

21 specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d

22 1153 (9th Cir. 1991).

23

24

25 IT IS SO ORDERED.

26 Dated:   **July 2, 2012**                      **/s/ Jennifer L. Thurston**

27                                                        UNITED STATES MAGISTRATE JUDGE

28

3